STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CA 0262

REGGIE D. HOLLAND AND
CONWAY D. GREEN

VERSUS

CITY OF ST. GABRIEL AND
GONZALES TOWING AND REPAIR INC.

*Judgment Rendered:* NOV 0 7 2025

\*\*\*\*\*\*\*\*

On Appeal from the
18th Judicial District Court
In and for the Parish of Iberville
State of Louisiana
Case No. 83142

Honorable Elizabeth A. Engolio, Judge Presiding

\*\*\*\*\*\*\*\*

| | |
|---|---|
| J. Rodney Messina<br>Baton Rouge, Louisiana | Counsel for Plaintiffs/Appellants<br>Reggie D. Holland and Conway D. Green |
| Yigal Bander<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Gonzales Towing and Repair, Inc. |

\*\*\*\*\*\*\*\*

BEFORE: LANIER, WOLFE, AND HESTER, JJ.

**LANIER, J.**

Plaintiffs appeal a judgment sustaining a peremptory exception raising the objection of no cause of action and dismissing their claims against defendant with prejudice. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

Plaintiffs, Reggie D. Holland and Conway D. Green, filed suit in March 2024 arising from the sale of a motorcycle that belonged to Mr. Green. According to the petition, following a July 18, 2020 traffic stop and subsequent arrest of Mr. Holland, the City of St. Gabriel ("the City"), through its employee, St. Gabriel Police Department ("St. Gabriel Police"), seized a 2017 Kawasaki motorcycle belonging to Mr. Green and had it towed by Gonzales Towing and Repair, Inc. ("Gonzales Towing"). In March 2023, plaintiffs learned that Gonzales Towing had obtained a new title for the motorcycle and sold it to an unknown entity for the accrued storage fees.

In their petition, plaintiffs named the City and Gonzales Towing as defendants. Plaintiffs sought damages for failure to abide by a stipulated judgment, conversion, and other acts of negligence. In response to the petition, Gonzales Towing filed a peremptory exception raising the objection of no cause of action.[1] The matter proceeded to a hearing, and, after hearing argument of counsel, the trial court sustained the exception. On October 17, 2024, the trial court signed a judgment sustaining the exception raising the objection of no cause of action filed by Gonzales Towing and dismissing, with prejudice, plaintiffs' claims against Gonzales Towing.[2] From this judgment, plaintiffs appeal, arguing that the trial court erred in sustaining the exception raising the objection of no cause of action.

---

[1] Plaintiffs also filed an exception raising the objection of prescription. However, after sustaining the no cause of action objection, the trial court deferred ruling on the prescription objection.

[2] The trial court's October 17, 2024 judgment does not pertain to the plaintiffs' claims against the City.

2

## LAW AND ANALYSIS

As used in the context of the peremptory exception, a "cause of action" refers to the operative facts that give rise to a plaintiff's right to judicially assert an action against a defendant. **Benoist v. Jackson National Life Insurance Company**, 2022-0878 (La. App. 1 Cir. 4/14/23), 364 So.3d 1162, 1165. The peremptory exception raising the objection of no cause of action tests the legal sufficiency of a pleading by determining whether the law affords a remedy on the facts alleged. **Thibodaux v. Thibodaux**, 2024-0948 (La. App. 1 Cir. 2/28/25), 407 So.3d 948, 953; see La. Code Civ. P. arts. 927 and 931. The purpose of the exception raising the objection of no cause of action is not to determine whether the plaintiff will ultimately prevail at trial, but to only ascertain if a cause of action exists. **Benoist**, 364 So.3d at 1165-1166.

No evidence may be introduced to support or controvert the exception of no cause of action. La. Code Civ. P. art. 931. Rather, the exception is triable solely on the face of the petition and any attached documents. **Melancon v. Commonwealth Land Title Insurance Company**, 2020-0196 (La. App. 1 Cir. 12/30/20), 318 So.3d 171, 174. In reading a petition to determine whether a cause of action has been stated, it must be interpreted, if possible, to maintain the cause of action instead of dismissing the petition. **Christian Schools, Inc. v. Louisiana High School Athletic Association**, 2020-0762 (La. App. 1 Cir. 5/18/22), 342 So.3d 1068, 1074, writ denied, 2022-01015 (La. 10/12/22), 348 So.3d 78. Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding a cause of action has been stated. *Id.* However, the petition must set forth material facts upon which the cause of action is based. See La. Code Civ. P. art. 891(A); **Shekinah Glory Ministries v. One Way Deliverance Ministry**, 2022-1170 (La. App. 1 Cir. 4/20/23), 366 So.3d 1256, 1259. The correctness of conclusions of law is not

3

conceded for the purposes of a ruling on an exception raising the objection of no cause of action. *Id.*

The burden of demonstrating that a petition fails to state a cause of action is on the mover. **Succession of King**, 2021-1386 (La. App. 1 Cir. 4/28/22), 342 So.3d 367, 370, writ denied, 2022-01081 (La. 10/18/22), 348 So.3d 730. Because the exception raises a question of law and the district court's decision is based only on the sufficiency of the petition, a judgment sustaining a peremptory exception raising the objection of no cause of action is reviewed by an appellate court *de novo*. **Benoist**, 364 So.3d at 1166.

According to the petition, plaintiffs allegedly sent a certified letter and an affidavit of ownership to St. Gabriel Police on July 27, 2020, attesting to Mr. Green's lawful ownership of the motorcycle. As stated in the petition, a stipulated judgment was entered into on December 29, 2021, between the State of Louisiana, Mr. Holland, and Mr. Green, whereby the motorcycle would be released to Mr. Green through his attorney of record.[3] Plaintiffs further asserted that on October 29, 2021, before the stipulated judgment was signed, the motorcycle was "released from seizure" to Gonzales Towing and started accruing towing and storage fees, despite the fact that the motorcycle had been in continuous possession of Gonzales Towing since it was seized on July 18, 2020. Plaintiffs noted that the "outstanding invoice" from Gonzales Towing in the amount of $3,990.00 "became an issue preventing [them] from taking possession of the motorcycle."

Plaintiffs do not allege that Gonzales Towing was a party to the stipulated judgment. Rather, as pled by plaintiffs in their petition, Gonzales Towing was contracted by the St. Gabriel Police to store the motorcycle beginning on July 18, 2020, wherein it started accruing storage fees. Plaintiffs assert that Gonzales Towing

---

[3] We note that the stipulated judgment was not attached to plaintiffs' petition for damages and thus is not a part of our review on appeal.

4

was "liable for any and all actions [through] its contractual relationship" with the City because Gonzales Towing was "holding the motorcycle ... on behalf of [the City]." Moreover, in their memorandum in opposition to Gonzales Towing's exception, plaintiffs argue that "Gonzales Towing, as agent of the City ... is in direct contempt for not releasing the motorcycle ... as stated in the stipulated judgment" and that "a cause of action exists for the wrongful seizure and sale of the motorcycle." Having reviewed the factual allegations in the petition, which are accepted as true for purposes of our consideration of the exception raising the objection of no cause of action, we conclude that plaintiffs have failed to plead facts sufficient to set forth a cause of action against Gonzales Towing based on the stipulated judgment. Simply put, there are no facts alleged in the petition that would support a finding that Gonzales Towing was acting as an agent of the City. Accordingly, we find no error in the trial court's judgment sustaining the exception raising the objection of no cause of action.

## CONCLUSION

For the above and foregoing reasons, we affirm the trial court's October 17, 2024 judgment and assess all costs associated with this appeal against plaintiffs/appellants, Reggie D. Holland and Conway D. Green.

**AFFIRMED.**